Filed 6/26/26  P. v. Snyder CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B347889 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XCNBA306858) |
| v. | |
| THEODORE SNYDER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Shelly Torrealba, Judge.  Affirmed.

Juvenile Innocence and Fair Sentencing Clinic, Christopher Hawthorne and Gabriella Trujillo, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Theodore Snyder appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170, subdivision (d).[1] He contends the court erred when it determined that his 32-years-to-life sentence was not the functional equivalent of a life without the possibility of parole (LWOP) sentence. We affirm.

# II. PROCEDURAL BACKGROUND

In May 2007, the Los Angeles County District Attorney charged defendant in an information with two counts of attempted willful, deliberate, and premeditated murder in violation of sections 664 and 187, subdivision (a).[2] The District Attorney alleged that the crimes were committed for the benefit, or at the direction, of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(A). The District Attorney further alleged that in the commission of the offenses a principal personally used and discharged a firearm causing great bodily injury or death within the meaning of section 12022.53, subdivisions (b) through (d) and (e)(1).

In April 2009, a jury found defendant guilty on counts 1 and 2 and found the gang and multiple firearm allegations true. At the September 21, 2010, sentencing hearing, the trial court

---

[1] All further statutory references are to the Penal Code.

[2] Because the facts underlying defendant's attempted murder convictions are not relevant to this appeal, we do not include a recitation of them here.

imposed on count 1 an aggregate term of 32 years to life, comprised of a life sentence on count 1, which included a seven-year minimum parole eligibility term,[3] plus 25 years to life for the firearm enhancement under section 12022.53, subdivisions (d) and (e); and, on count 2, an identical sentence to count 1 to run concurrently.

On October 27, 2011, a prior panel of this court affirmed defendant's conviction. (*People v. Snyder* (Oct. 27, 2011) B227910 [nonpub. opn.].)

On December 9, 2024, defendant filed a petition for resentencing pursuant to section 1170, subdivision (d), arguing that "[a]lthough [defendant] was not sentenced to LWOP, he is still eligible for relief under [section 1170, subdivision (d)] because his [32-years-to-life] sentence is the functional equivalent to an LWOP sentence. (*People v. Heard* (2022) 83 Cal.App.5th 608 [(*Heard*)]; *People v. Sorto* (2024) 104 Cal.App.5th 435, 435 [(*Sorto*)].)" His supporting memorandum of points and authorities asserted that he "was shot in the head at 14 years old, shortly before the crime was committed." Defendant also attached to his motion a statement in which he expressed remorse and summarized his rehabilitative efforts while incarcerated, but he made no mention of a brain injury in his youth.

The District Attorney filed an opposition, supported by an exhibit showing defendant's current age as 34 and his parole release date as August 2030.

---

[3] Section 3046 requires that a defendant sentenced to life imprisonment with the possibility of parole "must serve at least seven years in prison before being eligible for parole … ." (*People v. Jefferson* (1999) 21 Cal.4th 86, 95.)

In his reply brief, defendant argued that his "youth, combined with the trauma of a severe brain injury in the form of his gunshot wound to his head, underscores the need for a sentence that reflects his potential for growth, maturity, and rehabilitation." Defendant did not submit evidence describing the nature and extent of his injury, its effect on him at the time he committed the offenses, or its effect on his life expectancy.

On May 27, 2025, the trial court held a hearing on the petition. During argument, defendant's counsel stated, "Your Honor, to tip the scale even further in [defendant's] favor, we do believe … the interest of justice [will be served] by having him [resentenced]. He does have some extraordinary mitigating evidence. He was shot in the head, received serious brain injury weeks prior to this crime."

Following argument, the trial court denied the petition, explaining: "[Defendant's] sentence[] is not the functional [equivalent] of an [LWOP] sentence. He's currently eligible for parole with an eligibility date that has already been articulated as August of 2030. To be the functional equivalent of [LWOP] means that [defendant] would [not have] a meaningful opportunity of release near or beyond [his] life expectancy. … [¶] And here, [defendant] has a meaningful opportunity for release at the age of 40, which is clearly not near or beyond his life expectancy. Therefore[,] petitioner's sentence is not in the meaning of functional equivalent of [LWOP]. And he's ineligible for relief pursuant to 1170[, subdivision] (d)(1). [¶] The motion for recall and [resentencing] is denied."

Defendant filed a timely notice of appeal.

## III.   DISCUSSION

Section 1170, subdivision (d)(1)(A) provides:  "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

Although section 1170, subdivision (d)(1)(A) thus applies, by its terms, only to juvenile offenders sentenced to "imprisonment for life without the possibility of parole," the Attorney General does not dispute that under *Sorto, supra*, 104 Cal.App.5th 535 and *Heard, supra*, 83 Cal.App.5th 608, juvenile offenders who have been sentenced to the functional equivalent of LWOP are also entitled to relief under section 1170, subdivision (d)(1)(A).  (See *People v. Cabrera* (2025) 111 Cal.App.5th 650, 653.)  We therefore consider whether defendant's 32-years-to-life sentence is the functional equivalent of LWOP.

Our Supreme Court has granted review in a case that may bear on the analysis of whether defendant's sentence of 32 years to life is the functional equivalent of LWOP.  (*People v. Munoz* (2025) 110 Cal.App.5th 499, rev. granted June 25, 2025, S290828.)  Pending any further guidance, we hold it is not. Indeed, defendant's sentence is readily distinguishable from the indeterminate sentences of 23 years plus 80 years to life imposed on the juvenile in *Heard, supra*, 83 Cal.App.5th at page 612 and the 10 years plus 130 years to life imposed on the juvenile in *Sorto, supra*, 104 Cal.App.5th at page 440.  Defendant's sentence is also far shorter than the 50- and 58-year sentences imposed on the juveniles in *People v. Contreras* (2018) 4 Cal.5th 349, 356.

And, his 32-year sentence is substantially similar to the 33-year sentence in *People v. Olmos* (2025) 109 Cal.App.5th 580 which we concluded was not the functional equivalent of LWOP.  (*Id.* at p. 583)  The trial court did not err when it concluded that defendant was not sentenced to the functional equivalent of LWOP.

For the first time on appeal, defendant cites certain expert sources on the effects traumatic brain injury and incarceration can have on life expectancy.  But defendant provided no evidence in the trial court as to the nature and extent of his brain injury or the effect it would have on his life expectancy.  Those were factual matters for the trial court to consider and weigh in the first instance.  Accordingly, we do not address them further.

## IV.   DISPOSITION

The order denying the resentencing petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

I concur:

BAKER, J.

6

*People v. Snyder*, B347889

HOFFSTADT, P. J., Concurring.

      This case presents the following question:  Did our Legislature have a rational basis, under equal protection principles, to grant ameliorative relief under Penal Code section 1170, subdivision (d)(1) to juveniles sentenced without the possibility of parole (LWOP) but to deny that relief to juveniles sentenced to a term of 32 years?  Because settled equal protection principles permit our Legislature to address a problem one step at a time, our Legislature's decision to take a first step to address lengthy juvenile sentences by extending ameliorative relief to the sentences most likely to be the longest (that is, LWOP) is a rational one.  Thus, for any sentence shorter than the 50-year sentence that our Supreme Court's decision in *People v. Contreras* (2018) 4 Cal.5th 349, 369 has declared invalid (see *People v. Cabrera* (2025) 111 Cal.App.5th 650, 654 (conc. opn. of Hoffstadt, J.)), I would leave the line drawing to our Legislature.


                                    _____, P. J.
                                     HOFFSTADT